NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**SALAHDINE SABREE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5041

---

Appeal from the United States Court of Federal Claims in case no. 09-CV-369, Judge Marian Blank Horn.

---

Decided: February 9, 2011

---

MICHAEL D. J. EISENBERG, Law Office of Michael D.J. Eisenberg, of Washington, DC, argued for plaintiff-appellant.

RENEE GERBER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

———————————————

Before RADER, *Chief Judge*, DYK, and PROST, *Circuit Judges.*

PER CURIAM.


Salahdine Sabree ("Sabree") appeals a decision of the Court of Federal Claims ("Claims Court"). Sabree sought back pay and other monetary benefits, and correction of his military records. The Claims Court dismissed, finding that Sabree's claim was barred by the statute of limitations. We *affirm*.

## BACKGROUND

Sabree served in the United States Army from 1979 to 1983. He achieved the rank of Specialist (E-4) in 1981, but because of six non-judicial punishments imposed against him during his service, by 1983 he had been reduced to the rank of Private. On October 9, 1982, Sabree suffered neck and ankle injuries in an automobile accident that occurred while he was on active duty. In May 1983, a Medical Evaluation Board convened and found Sabree medically unfit for service. The case was referred to an informal Physical Evaluation Board ("PEB"), which concluded Sabree was fit for duty. However, on June 27, 1983, a formal PEB concluded that his injuries rendered him unfit for service. The formal PEB recommended Sabree be separated from service and receive a 20 percent disability rating. On November 9, 1983, Sabree was honorably discharged on the grounds of a physical disability, and on December 19, 1983, an Army Ad Hoc Review Board determined that he was entitled to severance pay at the rank of Private First Class (rather than Private or Specialist). He did not receive continuing

disability payments because only a rating of 30 percent or more would create such an entitlement. *See* 10 U.S.C. § 1203(b)(4).

Apparently at some time after his discharge, Sabree applied for benefits from the VA and was awarded disability benefits. In 1999, Sabree asked for a benefits increase from the Department of Veterans Affairs ("VA"), and on November 15, 2000, the VA found Sabree had a 70 percent rating for service connected major depression. On July 7, 2004, Sabree applied to the Army Board for Correction of Military Records ("Corrections Board") and filed two subsequent requests for reconsideration, arguing, inter alia, that he should have received a higher disability rating and increased military disability benefits at the time of discharge. The Corrections Board rejected these claims.

On June 3, 2009, Sabree filed suit in the Claims Court, claiming that he was entitled to an increased disability rating and correction of his military records. The Claims Court dismissed the claim, holding that Sabree's claim was barred because he did not file his claim within the six-year statute of limitations under 28 U.S.C. § 2501. Sabree argued that the limitations period should be equitably tolled because of a mental disability. The Claims Court rejected Sabree's argument that the limitations period should be tolled, determining that Sabree was capable of comprehending his legal rights during the limitations period.[1] Sabree also argued that he asserted jurisdiction under Section 706 of the Administrative Procedure Act ("APA"), but the Claims Court

---

[1]    Sabree also argued that his claims did not accrue until he sought review from the Corrections Board. The Claims Court rejected this argument, and Sabree does not raise this argument again on appeal.

determined that it lacked jurisdiction over APA claims. Sabree timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review legal determinations by the Claims Court, including dismissal for lack of jurisdiction, de novo. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002). We review factual conclusions for clear error. *Bass Enters. Prod. Co. v. United States*, 381 F.3d 1360, 1365 (Fed. Cir. 2004).

I

Sabree first argues that the Claims Court improperly rejected his claim of equitable tolling under 28 U.S.C. § 2501. Section 2501 states that "[a] petition on the claim of a person under legal disability . . . at the time the claim accrues may be filed within three years after the disability ceases." In *Goeway v. United States*, 612 F.2d 539, 544 (Ct. Cl. 1979), our predecessor court held that "[o]nly a serious impediment can qualify to suspend running of the statute [of limitations]" under the "legal disability" provision of § 2501. As such, it said that the legal disability provision "require[s] a mental derangement precluding a person from comprehending rights which he would be otherwise bound to understand" and that the disability "must in some way prevent his comprehension of his legal rights to military disability retirement pay, the necessity of prosecuting them by timely suit, and/or cause him to deliberately forego the filing of a timely suit to vindicate his rights." *Id.* at 545. Also, the court emphasized that "[t]he burden of proving mental incapacity is on the claimant." *Id.* at 544.

In *Goeway*, the plaintiff was diagnosed as obsessive compulsive, depressed, and perhaps with "latent schizo-

phrenia." *Id.* at 543. The court found no legal disability because "his active involvement in the years under consideration in efforts to secure VA benefits for himself and his family," among other legal actions taken during that time, "ma[d]e it abundantly clear that plaintiff was able to understand [legal] complexities and was decidedly not adverse to protecting his interests to the utmost." *Id.* at 545. Here, the trial court found that "plaintiff completed agency forms, applied for benefit increases with the VA, cooperated with legal counsel during his administrative proceedings, and drafted his own rebuttal statements, all in the furtherance of his own interests." *Sabree v. United States*, No. 09-369C, slip. op. at 17 (Nov. 13, 2009). Therefore, it concluded, Sabree did not carry his burden of proving disability.

We agree that Sabree has failed to provide evidence to meet his burden to establish that a mental impairment precluded him from comprehending his legal rights. Sabree asserts that the activities relied on by the Claims Court were not significant because he had assistance, but he points to no specific evidence showing that his depression prevented him from understanding his legal rights and pursuing his claim. Sabree points to the VA's description of a 70 percent rating for severe depression, which lists, in pertinent part, the following conditions:

> Occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to symptoms such as: . . . near-continuous panic or depression affecting the ability to function independently, appropriately and effectively . . . [and] difficulty in adapting to stressful circumstances . . . .

38 C.F.R. § 4.130. The VA examiner found that Sabree's "functioning occupationally and socially is seriously impaired," but he also found that Sabree's "[m]emory is intact" and that his "[j]udgment is fair." Appellee's App. 41. The examiner also determined that Sabree "displayed no thought process disorder." *Id.* The VA determination does not support a finding that Sabree was suffering from "a mental derangement precluding a person from comprehending rights which he would be otherwise bound to understand." *Goeway*, 612 F.2d at 545.

## II

Sabree also argues that he properly asserted a claim under the APA and that the Army's actions were arbitrary and capricious. However, it is well-established that the Claims Court "lacks APA jurisdiction." *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003). In his reply brief, Sabree "concedes that the [Claims Court] does not have jurisdiction regarding the Administrative Procedure Act" but argues that the Claims Court should have transferred the claim to the District of Columbia Circuit under 28 U.S.C. § 1631. However, Sabree failed to raise this argument in his principal brief, and the argument is waived. *See, e.g.*, *Amberman v. Shinseki*, 570 F.3d 1377, 1381–82 (Fed. Cir. 2009); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006).

## AFFIRMED

COSTS

No costs.